UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM L. SLAUGHTER,

       Plaintiff,

v.                                                                              Case No. 1:15-cv-15
                                                                                Hon. Ray Kent
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION**

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

      Plaintiff was born in 1979.  PageID.201.  He earned a GED and had previous employment as a truck driver, a sorter, a shipping clerk, a sales clerk, a cashier, and an invoice clerk. PageID.73, 206.  Plaintiff alleged a disability onset date of March 3, 2012.  PageID.201.  He identified his disabling conditions as epilepsy, nerve damage to left leg, bronchitis, and high blood pressure.  PageID.205.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 26, 2013.  PageID.45-53.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence.  *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

2

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.   ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 3, 2012, and that he meets the insured status requirements of the Act through June 30, 2017. PageID.47.  At the second step, the ALJ found that plaintiff had severe impairments of a seizure disorder and obesity.  *Id.*  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.48.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can never climb ladders, ropes, or scaffolds, he can only occasionally climb ramps or stairs, he should avoid concentrated exposure to extreme cold, extreme heat, humidity, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and he should avoid all exposure to the operational control of moving machinery and unprotected heights.

PageID.48.  The ALJ also found that plaintiff was capable of performing past relevant work as a cashier and invoice  clerk, work which did not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC).  PageID.52.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 3, 2012 (the alleged onset date) through July 26, 2013 (the date of the decision).  PageID.53.

### III.  ANALYSIS

Plaintiff has raised two issues with sub-issues on appeal.

### A.    The ALJ's finding that Mr. Slaughter's impairments did not meet or equal a Listing is not supported by substantial evidence.

Plaintiff contends that the ALJ erred in finding that he was not disabled under Listing 11.02 (convulsive epilepsy) or 11.03 (nonconvulsive epilepsy).  A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation.  *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987).  In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments."  *Id.*  An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d).  A claimant does not satisfy a particular listing unless all of the requirements of the listing are present.  *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987).  *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency").  If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§  404.1520(d); 416.920(d).

The requirements of these listings are as follows:

11.02 Epilepsy - convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment.

    A. Daytime episodes (loss of consciousness and convulsive seizures) or

    B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

11.03 Epilepsy - nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment.  With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

Listings 11.02 and 11.03, 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The ALJ addressed plaintiff's claim as follows:

The undersigned has taken into account the collateral effects of the claimant's obesity in conjunction with the listing requirements of Sections 11.02/11.03 (epilepsy) in concluding that the claimant's alleged symptoms are significant but do not have the level of severity necessary to meet or medically equal a listing.

Section 11.02 requires documentation of convulsive epilepsy occurring more frequently than once a month in spite of at least three months of prescribed treatment, with daytime episodes or nocturnal episodes manifesting residuals that interfere significantly with activity during the day.  The evidence does not show frequent, disruptive seizures as required under Section 11.02.  The evidence also does not show a seizure pattern with frequent, non-convulsive seizures accompanied by alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day, as required by Section 11.03.

PageID.48.  The ALJ addressed plaintiff's medical record with respect to his epilepsy.  PageID.49-

51.  Plaintiff's seizure disorder was described as "well controlled" in 2005, with "few to no treatment

6

records" for the next five years.  PageID.50.  The ALJ noted that plaintiff appeared to work at

substantial gainful activity levels through 2011.  *Id.*  The medical evidence indicated that plaintiff

began complaining of increased seizure activity after he applied for disability benefits on October

31, 2012:

> There is little to no objective evidence in support of the claimant's allegations
> that his seizure disorder symptoms have recently increased in severity.  At a January,
> 2011 medical visit, the claimant indicated that his seizures are "generally under good
> control," and that he "has 1 while sleeping every couple of mo[nths]" (Exhibit 2F
> p.13).  At a February, 2012 medical visit, the claimant indicated that "he seems to
> average at least one seizure a month  . . .  usually at night while sleeping," adding
> that "he has 'partial' seizures" (Exhibit 3F p.3).

> Following the claimant's application for disability benefits, the claimant "[
> complained of] multiple seizures 3-4 times per week" at an April, 2013 medical visit,
> stating that he has been "having more seizures in the past few months" and is "'trying
> to get disability" (Exhibit 5F p.1).  An examination was described as "normal"
> (Exhibit 5F p.1), and a subsequent EEG was also described as "normal" (Exhibit 6F
> p.3).  There do not appear to be any objective witnesses to the claimant's alleged
> significant increase in his seizures, and there is little to no objective evidence in
> support of the claimant's allegations regarding the frequency, duration, and severity
> of his seizure symptoms.

PageID.45, 50.  Plaintiff has not demonstrated that he met the requirements of either Listing 11.02

or 11.03. While plaintiff cites records from two doctor visits in April and May 2013, he does not

explain how these records meet the listing requirements.  Accordingly, plaintiff's claim of error is

denied.

**B.      The ALJ's RFC finding is not supported by substantial evidence under 20 C.F.R. § 404.1520a and SSR 98-6p.**

    **1.      The RFC does not accurately portray plaintiff's well-established impairments or consider the effect of those impairments on plaintiff's ability to function, as required by 20 C.F.R. §416.945 and SSR 98-6p.**

    **2.      The ALJ's decision is not supported by substantial evidence because he failed to follow 20 C.F.R. §416.929, SSR 96-7p and applicable case law in assessing plaintiff's credibility.**

Plaintiff contends that the RFC determination does not accurately portray his impairments because the ALJ erred in evaluating his credibility.  RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  20 C.F.R. §§ 404.1545 and 416.945.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."  20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).  "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony."  *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).  The court "may not disturb" an ALJ's credibility determination "absent [a] compelling

reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  The threshold for overturning an ALJ's

credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed

the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of*

*Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb

a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew,

resolve conflicts in the evidence, or decide questions of credibility."  *Sullenger v. Commissioner of*

*Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007).  Nevertheless, an ALJ's credibility

determinations regarding subjective complaints must be reasonable and supported by substantial

evidence.  *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

> The ALJ evaluated plaintiff's credibility as follows:

> The claimant alleges that he is disabled due to the functionally limiting effects of his seizure disorder and obesity.  As a result of these conditions, he testified that he experiences frequent seizures in the daytime and the nighttime, with his seizures lasting 2-4 minutes and with the claimant experiencing postictal symptoms that include problems walking, racing thoughts, problems concentrating, difficulty speaking, and "bad headaches" (Hearing).  This testimony is of a kind with statements made in documents submitted pre-hearing, in which the claimant complained of frequent seizures that make it difficult for him to drive, operate heavy machinery, and perform basic physical activities due the symptoms of his impairments (Exhibits 3E, 4E, 9E).

> *        *        *

> The opinions of the claimant are not particularly credible.  As discussed above, the weight of the objective evidence does not indicate that the symptoms of the claimant's impairments are as severe as alleged.  The evidence indicates that the claimant's impairments are largely controlled by medication, and there is little to no objective support for many of the claimant's allegations with respect to the severity, frequency, and duration of his symptoms.  None of the claimant's treating physicians has identified any credible specific limitations or objective findings that would preclude the claimant from performing work consistent with the above residual functional capacity.  The record simply does not indicate that the claimant's symptoms are as functionally limiting as alleged.

9

PageID.49, 51.  As discussed, the medical evidence supporting plaintiff's claim were generated some months after plaintiff filed his disability claim and appear to consist of treatment notes from April and May 2013.  There is no compelling reason to disturb the ALJ's credibility determination, which is supported by substantial evidence.  *See Smith*, 307 F.3d at 379; *Rogers*, 486 F.3d at 249.  Accordingly, these claims of error are denied

> **3.    Because the ALJ's RFC is deficient, his hypothetical to the VE is legally insufficient.**

To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy.  *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy").  While an ALJ may use a VE's services in determining whether a claimant can perform his past relevant work, *see* 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"), a VE's testimony is not required, *see Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (vocational expert testimony is not required until step five of the sequential analysis).  When the Court obtains vocational evidence through the testimony of a VE, the hypothetical

questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779.  However, a hypothetical question need only include those limitations which the ALJ accepts as credible.  *See Blacha v. Secretary of Health and Human Services*., 927 F.2d 228,  231 (6th Cir. 1990).

Here, the ALJ considered the VE's testimony in determining that plaintiff could perform his past relevant work as a cashier and invoice clerk.  PageID.52-53, 72-76.  The hypothetical question posed to the VE contained limitations consistent with the RFC determination. PageID.73-76.  Based on this record, the ALJ's determination that plaintiff could perform his past relevant work is supported by substantial evidence.[1]  Accordingly, plaintiff's claim of error is denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated:  March 25, 2016                        /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge

---

[1] The Court notes that while the ALJ found plaintiff was not disabled at step four, he made an alternative finding that plaintiff would also be found disabled at step five, because could also perform other work such as counter clerk (13,000 jobs in Michigan and 432,000 jobs nationally), ticket seller (943 jobs in Michigan and 916,000 jobs nationally), and inspector (1,000 positions in Michigan and 39,000 jobs nationally).  PageID.53, 72-76.